UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN QUINLAN,<br>            Plaintiff,<br><br>        v.<br><br>QUAD/GRAPHICS, INC.,<br>            Defendant. | Civil Action No. 1:20-cv-11593-RWZ<br><br>**LEAVE TO FILE GRANTED ON 10/8/2020**<br>**(Docket No. 15)** |

## <u>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE</u>

Defendant Quad/Graphics, Inc. ("Quad/Graphics") offers this Reply in response to

Plaintiff's Opposition ("Pl. Opp.") to Quad/Graphics' motion to dismiss or transfer venue.  Each

of the positions in the Opposition is unavailing.  First, Plaintiff's argument regarding the

"material change" doctrine is premature and unsupported.  Second, forum selection clauses are

presumptively valid under the Massachusetts Wage Act.  Third, Plaintiff's reference to state-law

forum non conveniens cases are irrelevant; federal law controls here.  Fourth, Plaintiff does not

carry his heavy burden of establishing that any of the *Bremen* factors apply.  And fifth, there is

no cause of action under the personnel record statute.  Court should grant Quad/Graphics'

Motion, and dismiss or transfer this matter.

### A.     The "Material Change" Doctrine Does Not Prevent Enforcement of Plaintiff's Forum Selection Clause

#### 1.     The Alleged Invalidity of the Letter Agreement Is Irrelevant

Plaintiff first argues that his "entire contract was voided" under the so-called material

change doctrine, and therefore he is not bound by the Letter Agreement's forum selection clause.

Pl. Opp. at 1.  The First Circuit has foreclosed this type of argument: "a party should not be

permitted to escape a forum-selection provision by merely calling the validity of the entire

contract into question."  *Lambert v. Kysar*, 983 F.2d 1110, 1121 (1st Cir. 1993).  Were the rule

otherwise, a court would have to decide the merits of every contract claim before enforcing a forum selection clause, making such clauses meaningless. *See Monster Daddy, LLC v. Monster Cable Products, Inc.,* 483 Fed.Appx. 831, 835 (4th Cir. 2012) (rejecting argument, because "a mere allegation that the nonmoving party committed a prior material breach of the contract would allow a party to litigate that alleged contractual breach in an unapproved forum"); *Kebb Mgmt., Inc. v. Home Depot USA, In*c., 59 F. Supp. 3d 283, 289 (D.Mass. 2014) ("no forum-selection clause would ever be enforceable if a defendant's breach of contract negated its validity"). The Court should therefore reject this position.

## 2.     The Material Change Doctrine Does Not Apply Here

While not properly before the Court at this time, nonetheless Quad/Graphics denies that the material change doctrine applies in this case. That doctrine is triggered when "the conduct of the parties clearly showed that they had abandoned and rescinded by mutual consent the earlier employment agreement containing the pertinent non-compete provision and had entered into a new employment relationship that included no such non-compete provision." *Astro-Med, Inc. v. Nihon Kohden Am., Inc*., 591 F.3d 1, 16 (1st Cir. 2009).[1] "Whether there has been such a modification of a previous agreement, rather than an implied revocation or termination of the agreement as the result of such a subsequent change, depends upon the intention of the parties." *Id.* "In determining whether there has been a material change to the employment relationship, courts have considered it extremely significant that the employer sought to have the employee sign a new non-compete agreement." *Id.*

The scant allegations Plaintiff advances at this early stage do not establish a material change. There is nothing in the record about Plaintiff's job duties, and only sketchy assertions

---

[1] Plaintiff references various trial-court-level decisions in support of his argument (some of which are lack citations). *See* Pl. Opp. at 2-3. This Court is bound to apply the precedent from the First Circuit, here, *Astro-Med.*

about his compensation or title.[2]  As in *Astro-Med*, Plaintiff's alleged "job change … does not reflect a mutual abandonment and rescission of the non-competition provision; there is no suggestion that [Quad/Graphics] approached [Plaintiff] with a new employment agreement; and, there is no evidence of intent … to revoke or supersede the employment agreement."  *Id.* at 17.

Further, even if the material change doctrine applied, that would only "void [the] non-competition agreement," not the Letter Agreement as a whole.  *Astro-Med,* 591 F.3d at 16.  The remaining provisions of the Letter Agreement, including its forum selection clause, would remain intact.  Indeed, the Court need look no further than Count III of Plaintiff's Complaint, which seeks severance payments allegedly due under the Letter Agreement.  Clearly Plaintiff would not be bringing that claim if the Letter Agreement were abandoned or rescinded in its entirety.  The Court should therefore reject Plaintiff's bid to avoid transfer based on the material change doctrine.

## B.    Forum Selection Clauses Are Permitted Under the Wage Act

Plaintiff next contends that the forum selection clause "is a special contract voided by the prohibition against special contracts in the Massachusetts Wage and Hour Law, G.L. c. 149 §148."  Opp. at 4.  The law is to the contrary: the SJC "recognize[s] a presumption that forum selection clauses are enforceable with respect to Wage Act claims."  *Melia v. Zenhire*, 462 Mass. 164, 181 (2012).  "A party seeking to rebut this presumption must produce some evidence indicating that (1) the Wage Act applies; (2) the selected forum's choice-of-law rules would select a law other than that of Massachusetts; and (3) application of the selected law would deprive the employee of a substantive right guaranteed by the Wage Act."  *Id.*  The parties do not dispute Massachusetts law applies here, Pl. Opp. at 6, and Plaintiff does not suggest, let alone

---

[2]  Plaintiff's LinkedIn profile does not show any change in title, just "Sales Executive" for his entire tenure at Quad/Graphics.  *See* https://www.linkedin.com/in/jack-quinlan-16568b155/ .

prove, that a Wisconsin court would hold otherwise.  This argument is therefore baseless.  *See id.*

(affirming transfer of Wage Act case); *see* Def. Mot. at 8.[3]

### C.     The Court Must Apply Federal Law and Precedent

Plaintiff next argues that Quad/Graphics' Motion should be denied based on state-law

forum non conveniens doctrine.  Pl. Opp. at 5-6.  This is misplaced: "Federal law governs the

consideration of a forum-selection clause relative to a § 1404(a) or a forum non conveniens

analysis." *Kurra v. Synergy Computer Solutions, Inc.*, 2016 U.S. Dist. LEXIS 127248, *18

(D.Mass. Sept. 19, 2016) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)); *see*

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court of the W. Dist. of Tex.*, 571 U.S. 49, 58 (2013)

("we rejected the plaintiff's argument that state law governs a motion to transfer venue pursuant

to a forum-selection clause, concluding instead that federal law, specifically 28 U.S.C. § 1404(a),

governs").  The Massachusetts cases cited, and related argument, should be disregarded.

### D.     The *Bremen* Factors Do Not Apply

Plaintiff also does not carry his "heavy burden" of demonstrating that any of the *Bremen*

factors would preclude enforcement of the forum selection clause.  *See* Pl. Opp. at 6-7; Def. Mot.

at 6-8.  Tellingly, Plaintiff does not cite to any cases holding that a forum selection clause is

unenforceable under circumstances comparable to these.  The Court should reject these

arguments as well.

#### 1.     There Is No Evidence of Fraud or Overreaching

Plaintiff claims that because the Letter Agreement was a "contract of adhesion," that

constitutes "fraud or overreaching."  Pl. Opp. at 4, 6. Quad/Graphics denies that the Letter

Agreement was adhesive: it is undisputed that the Letter Agreement was signed in conjunction

with the sale of a business in which Plaintiff was a part-owner (Def. Mot. at 1-2), and Plaintiff

---

[3] Quad/Graphics denies that the Wage Act applies to this case, and reserves its arguments regarding same.

acknowledged that he carefully read the Letter Agreement and voluntarily signed it (Def. Mot. at 7). Regardless, "any alleged overreaching must be based on something more than the mere fact that the clause was a 'boilerplate' provision." *Lambert*, 983 F.3d at 1119; *see Rivera v. Centro Medico de Turabo, Inc*., 575 F.3d 10, 19-20 (1st Cir. 2009) (enforcing forum selection clause in an "adhesive" contract); *Silva v. Encyclopedia Britannica Inc*., 239 F.3d 385, 389 (1st Cir. 2001) (enforcing "boilerplate" forum selection clause).

Moreover, the "fraud or overreaching" factor is narrow in scope: it does not ask whether the contract itself was the product of fraud, but instead whether a "the <u>inclusion of [the forum selection] clause in the contract</u> was the product of fraud or coercion." *Lambert*, 983 F. 2d at 1121 (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974); emphasis supplied). Because Plaintiff does not argue, let alone prove, that the forum selection clause itself was the product of "fraud or overreaching," this factor does not aid him.

### 2.     Enforcing This Clause Is Not Unreasonable or Unjust

Plaintiff's argument that enforcing the forum selection clause would be "unreasonable or unjust" (Pl. Opp. at 6-7) is unsupported by any citations to the record. Quad/Graphics denies the overheated rhetoric in the Opposition on this point. Regardless, this factor is not a general reasonableness review, but rather focuses on whether "the [forum selection] clause was inserted in bad faith." *Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc.*, 619 F.3d 90, 93 (1st Cir. 2010) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). Quad/Graphics "used its bargaining power to do nothing more than offer an appealing employment opportunity to [Plaintiff], and no evidence suggests that he was coerced into entering the agreement." *Silva*, 239 F.3d at 389 (finding enforcement of clause was "not unreasonable").

Quad/Graphics further denies that it has engaged in "dilatory and vexatious litigation practices" (*cf.* Pl. Opp. at 7). By bringing this Motion, Quad/Graphics asks that Plaintiff abide

by the contract he entered into, nothing more. *See Claudio-DeLeon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir. 2014) ("if [Plaintiff] wanted to avoid any seeming unfairness, [he] should have filed [his] suit in the proper forum to begin with").

### 3.      Plaintiff Would Not Be Deprived of His Day in Court

For the third factor, Plaintiff asserts that "all relevant witnesses are in Massachusetts" and "compulsory process will not be available in Wisconsin." Pl. Opp. at 6-7. Plaintiff does not identify who those witness(es) are or why their testimony would be necessary, but that is immaterial. Purported issues regarding availability of compulsory process or the cost of attendance of witnesses are "private interests," and "the *Atlantic Marine* decision unequivocally removed any consideration of private interests in the § 1404(a) context when a forum-selection clause is present." *Kebb Mgmt., Inc. v. Home Depot USA, Inc*., 59 F.Supp.3d 283, 288 (D.Mass. 2014) (citing *Atl. Marine*, 134 S.Ct. at 582). "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine*, 134 S.Ct. at 582. Plaintiff thus does not carry his heavy burden of establishing "that [he] would be effectively deprived of [his] day in court if forced to litigate in Wisconsin." *Power Prods. Sales & Serv. v. Hydratight, Inc*., 2019 U.S. Dist. LEXIS 175404, *4 (D.Mass. Oct. 9, 2019).

### 4.      Enforcement Is Not Contrary to Massachusetts Public Policy

Plaintiff also contends that enforcing the forum selection clause contravenes Massachusetts public policy because M.G.L. c. 149, § 24L "would invalidate this agreement." Pl. Opp. at 7. That is incorrect: "Section 24L … appl[ies] to employee noncompetition agreements entered into on or after October 1, 2018," Mass. Session Law 2018, c. 228, § 71, whereas the Letter Agreement was entered into in 2014. Further, that statute "does not render void or unenforceable the remainder of the contract or agreement containing the unenforceable

noncompetition agreement," M.G.L. c. 149, § 24L(c), so even if Section 24L invalidated Plaintiff's noncompetition clause (and it does not), the forum selection clause in the Letter Agreement would remain in effect.  Section 24L is therefore immaterial.

Because none of the *Bremen* factors apply here, the Court should grant this Motion.

### E.      Plaintiff Has No Claim Under the Personnel Record Statute

Finally, with respect to Count II, Plaintiff argues that the claim "should be brought in Massachusetts," but does not refute Quad/Graphics' central point – there is no cause of action under the personnel record statute.  Plaintiff cites to *Kessler v. Cambridge Health Alliance*, 62 Mass.App.Ct. 589, 597 (2004), but as Quad/Graphics has noted, that case provides only a narrow cause of action to "comment, correct, or expunge incorrect or false information."  Def. Mot. at 4 n.4.  That is not the claim Plaintiff is bringing.  There is no cause of action for "failure to provide personnel file" under M.G.L. c. 149, § 52C, and thus Count II should be dismissed.

### F.      Conclusion

For the foregoing reasons, and the reasons stated in Quad/Graphics' principal briefing, the Court should either dismiss Plaintiff's claims, or transfer the case to the Eastern District of Wisconsin.

Respectfully submitted,

QUAD/GRAPHICS, INC.

By its attorneys,

/s/ Stephen T. Melnick
Stephen T. Melnick (BBO No. 667323)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
(617) 378-6000 (t)
(617) 737-0052 (f)
smelnick@littler.com

October 8, 2020

## CERTIFICATE OF SERVICE

I, Stephen T. Melnick, hereby certify that on this 8th day of October 2020, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ *Stephen T. Melnick*
Stephen T. Melnick